IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **CEDRIC OLLISON,** | Case No. 6:11-cv-01193-SI |
| Plaintiff, | |
| v. | **OPINION AND ORDER ON UNENUMERATED RULE 12(B) MOTION TO DISMISS** |
| **DR. VARGO,** | |
| Defendant. | |

**SIMON, District Judge.**

Plaintiff Cedric Ollison ("Plaintiff") is in the custody of the Oregon Department of Corrections ("ODOC") and is housed at the Oregon State Penitentiary. On the morning of March 29, 2011, he reported to sick call. Compl. (Dkt. 2) at 5. More than twelve hours later, he was transported to a hospital where he was diagnosed with a stroke. *Id.* Plaintiff alleges that Defendant Dr. John Vargo ("Defendant"), the chief medical officer of the Oregon State Penitentiary, violated Plaintiff's constitutional rights by providing inadequate medical treatment during those intervening twelve hours despite Plaintiff exhibiting multiple stroke symptoms, including slurred speech and lack of balance. *Id.* at 4-5.

Defendant moves to dismiss Plaintiff's complaint on the grounds that Plaintiff did not exhaust his administrative remedies through the ODOC's grievance system. The Prison

Litigation Reform Act ("PLRA") requires plaintiffs who bring actions regarding prison conditions to first exhaust all available administrative remedies, 42 U.S.C. § 1997e(a), which includes internal grievance procedures.

Plaintiff's internal ODOC grievance regarding the March 29 episode was dated August 15, 2011, and was stamped as received on August 24, 2011. Decl. Jason Hanson (Dkt. 33) at ¶ 14. Because ODOC's grievance system requires grievances to be filed within thirty days of the incident, Plaintiff's grievance was rejected as untimely. Defendant argues that Plaintiff thereby failed to exhaust available administrative remedies, requiring the dismissal of his complaint. *See Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003). Plaintiff argues that because he was not physically or mentally capable of filing a grievance within thirty days of his stroke, ODOC's grievance procedure was effectively not available to him and that he therefore did exhaust "such administrative remedies *as are available*." 42 U.S.C. § 1997e(a) (emphasis added). Based on the record currently before the Court, the Court denies Defendant's motion, but with leave to renew pending further discovery.

I.   **The PLRA's Exhaustion Requirement**

The operative provision of the PLRA provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). This exhaustion requirement serves two primary purposes: to promote efficient resolution of disputes, and to protect agency authority by requiring adherence to agency procedures and by allowing agencies an opportunity to correct their own mistakes. *Woodford v. Ngo*, 548 U.S. 81, 89 (2006). Exhaustion requirements are directed toward parties who, "if given

OPINION AND ORDER – Page 2

the choice, would not voluntarily exhaust." *Id.* Therefore, to satisfy the PLRA exhaustion requirement, prisoners must "properly" exhaust their administrative remedies, including "compliance with an agency's deadlines." *Id.* at 90-91.

The Ninth Circuit has recognized, however, that a prisoner's failure to exhaust administrative remedies may be excused "when circumstances render administrative remedies 'effectively unavailable.'" *Sapp v. Kimbrell*, 623 F.3d 813, 822 (9th Cir. 2010) (per curiam) (quoting *Nunez v. Duncan*, 591 F.3d 1217, 1226 (9th Cir. 2010)). The court in *Sapp* acknowledged a variety of circumstances where conduct by prison officials would render administrative remedies effectively unavailable: for example, where prison officials refuse to provide the necessary forms, where prison officials threaten retaliation if grievances are filed, or where improper screening of grievances wrongly forecloses administrative remedies. *Id.* at 822-823 (collecting cases from other circuits).

Although the Ninth Circuit has not yet addressed whether a prisoner's medical condition could render an administrative remedy "effectively unavailable," other circuits have concluded that it may. *See Hurst v. Hantke*, 634 F.3d 409, 411-12 (7th Cir. 2011); *Days v. Johnson*, 322 F.3d 863, 867-68 (5th Cir. 2003), *overruled by implication on other grounds by Jones v. Bock*, 549 U.S. 199, 216 (2007). This Court agrees with the Fifth Circuit's holding in *Days* that "administrative remedies are deemed unavailable when (1) an inmate's untimely filing of a grievance is because of a physical injury and (2) the grievance system rejects the inmate's subsequent attempt to exhaust his remedies based on the untimely filing of the grievance." 322 F.3d at 868. In such a situation, the policy concerns described by the *Woodford* Court do not apply: the inmate has not attempted to circumvent the administrative process; rather, he is

OPINION AND ORDER – Page 3

prevented by circumstances beyond his control from seeking internal recourse. In this sense, the administrative remedy is not "available" to him within the meaning of 42 U.S.C. § 1997e(a). *See Days*, 322 F.3d at 867 (reviewing the dictionary definition of "available" as meaning "personally obtainable"). Numerous district courts have reached the same conclusion.[1]

Defendant emphasizes that Oregon's internal grievance procedures, unlike those of some other states, do not provide any exceptions to the thirty-day deadline. In the Court's view, such a short deadline without exception only underscores that, in certain circumstances, Oregon's internal grievance procedures will truly not be "available" to prisoners. Under Defendant's reading of §1997e(a), an ODOC prisoner who, hypothetically, was beaten by a guard and, as a result, fell into a coma for thirty-one days would not be able to seek *any* relief through either the ODOC's grievance process or through the courts. This was not the intention of the PLRA; hence the inclusion of the modifier "available."

At oral argument, Defendant suggested that the Fifth Circuit's reasoning in *Days* was somehow called into question by the Supreme Court's subsequent decision in *Woodford*. But nothing in *Woodford* conflicts with the Fifth Circuit's reasoning in *Days*; indeed, the Fifth Circuit in *Days* foreshadowed the Court's holding in *Woodford* with its caveat that, "[w]e, of course, do not hold that an untimely grievance in and of itself would render the system unavailable, thus excusing the exhaustion requirement." 322 F.3d at 867. Other courts since

---

[1] *E.g., Ellington v. Wolfenbarger*, No. 09-10895, 2010 WL 891278, at *2-3 (E.D. Mich. Mar. 10, 2010); *Jones v. Carroll*, 628 F. Supp. 2d 551, 557-58 (D. Del. 2009); *Barretto v. Smith*, No. CIV S-07-1544, 2009 WL 1271984, at *5-6 (E.D. Cal. Mar. 6, 2009); *Macahilas v. Taylor*, No. CIV S-06-0502, 2008 WL 220364, at *3 (E.D. Cal. Jan. 25, 2008); *Holcomb v. Dir. of Corr.*, No. 5:03-cv-2765, slip op. at 9 (N.D. Cal. Nov. 14, 2006); *cf. Peoples v. Corizon Health, Inc.*, No. 2:11-CV-01189, 2012 WL 1854730, at *3 (W.D. Mo. May 21, 2012) (dicta).

*Woodford* have similarly continued to apply *Days* as good law. *See, e.g., Hurst*, 634 F.3d at 412; *Holcomb v. Dir. of Corr.*, No. 5:03-cv-2765, slip op. at 9 (N.D. Cal. Nov. 14, 2006).

The Court therefore will apply the test articulated in *Days* to Plaintiff's complaint.

## II.  Did Plaintiff Exhaust Available Remedies?

The parties do not dispute that Plaintiff's grievance regarding his medical care on March 29, 2011, was not filed until August 2011, more than thirty days after the incident, and that it was rejected as untimely. Plaintiff argues, however, that because he was physically and mentally incapacitated during those thirty days, the ODOC's grievance procedure was effectively unavailable to him. In support of this claim, Plaintiff points to medical records submitted by Defendant, as well as to his own declaration (Dkt. 46).

Because exhaustion of administrative remedies is an affirmative defense, Defendant bears the burden of proving that Plaintiff failed to exhaust all available administrative remedies. *Wyatt*, 315 F.3d at 1119. Defendant "must accordingly demonstrate that its administrative remedies were 'available' to [Plaintiff], meaning not only that [Plaintiff] had access to [ODOC's] administrative grievance process ..., but also that he was actually *capable* of filing such a grievance." *Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 625 (6th Cir. 2011); *see also, e.g., Ellington v. Wolfenbarger*, No. 09-10895, 2010 WL 891278, at *3 (E.D. Mich. Mar. 10, 2010) (where plaintiff claimed to be medically unable to file internal grievance, defendants did not carry burden of proving failure to exhaust); *Barretto v. Smith*, No. CIV S-07-1544, 2009 WL 1271984, at *6 (E.D. Cal. Mar. 6, 2009) (same).

In evaluating Defendant's motion, this Court may look beyond the pleadings and decide disputed issues of fact. *Wyatt*, 315 F.3d at 1120; *see also Ritza v. Int'l Longshoremen's &*

OPINION AND ORDER – Page 5

*Warehousemen's Union*, 837 F.2d 365, 368-69 (9th Cir. 1988) (courts may resolve factual disputes regarding failure to exhaust). At this stage, however, there does not appear to be much of a factual record: what evidence is present supports Plaintiff's account that he was physically unable to comply with internal grievance procedures during the initial thirty-day period. Because it appears that the ODOC grievance procedure was not "effectively available" to Plaintiff due to his medical condition that is the subject of his complaint, the Court denies Defendant's Unenumerated Rule 12(b) Motion to Dismiss for failure to exhaust administrative remedies. If appropriate, Defendant may renew its motion after further discovery.

### III.    Alternative Grievance Procedure for Medical Claims

Plaintiff also argues that according to the ODOC's policies, the ODOC grievance procedure is merely optional for complaints regarding inadequate medical care. The ODOC's "Grievance Mechanism for Health Complaints" states in part:

> The provision of health care is an interaction between the health care provider and the patient. Therefore, the patient must have avenues to resolve dissatisfaction, misunderstanding, or complaints about service. The Department of Corrections has established by administrative rule a grievance system that provides a mechanism for inmates to resolve problems experienced during incarceration. Problems or complaints about health services *may be addressed according to the Department's administrative rule on Grievances* if the issue cannot be resolved informally via discussion or written memoranda. Inmates *may also address complaints about health services* to the Governor's office, elected officials, and other state agencies with investigatory or regulatory authority, and *through the judicial system.*

ODOC, Health Services Policy & Procedure #P-A-11, "Grievance Mechanism for Health Complaints," *available at* www.oregon.gov/DOC/OPS/HESVC/pages/policy_procedure.aspx (emphasis added). Plaintiff argues that the discretionary wording of this passage indicates that

OPINION AND ORDER – Page 6

inmates need not pursue internal grievances for health care complaints, but may instead address complaints directly to political representatives, other agencies, or the courts.

There may be some merit to Plaintiff's reading of the ODOC's Grievance Mechanism for Health Complaints, which are not a model of clarity. Defendant argues that other administrative guidelines make clear that inmates must pursue the internal grievance process before submitting *any* claims to courts. That may be so, but the vague wording of this policy could confuse or mislead inmates trying to navigate the grievance procedure. Because the Court has already denied Defendant's motion to dismiss, the Court need not decide today whether the ODOC's Grievance Mechanism for Health Complaints means that an inmate-plaintiff need not file an internal grievance in order to exhaust his administrative remedies regarding a medical claim.

## IV. Conclusion

Based on the evidence currently before the Court, Defendant has not carried his burden to prove that Plaintiff failed to exhaust all *available* administrative remedies. The Court therefore denies Defendant's Unenumerated Rule 12(b) Motion to Dismiss for failure to exhaust administrative remedies, Dkt. 31, with leave to renew pending additional discovery, if warranted.

Dated this 29th day of October, 2012.

Michael H. Simon
United States District Judge